## PEOPLE v. F. PERRIN.

CORPORATIONS — SAVINGS BANKS — CONSTRUCTION OF STATUTES.—The original certificate of incorporation of a savings bank corporation, filed in 1860, omitted to state the amount of the company's capital stock. In a proceeding in the nature of a *quo warranto* against the corporation, *held*, that though the Act of April 14th, 1853, "to provide for the formation of corporations for certain purposes," did not seem to authorize the incorporation of any company without a capital stock consisting of a specified number of shares, yet the amendatory and supplemental Acts of March 4th and March 24th, 1870 (Stats. of 1869–70, pp. 32, 364), clearly recognize the validity of the or ganization of such corporations as the defendant, and these acts, taken in connection with the curative Act of April 1st, 1864 (Stats. 1863–64, p. 303), leave no doubt as to the validity of its incorporation.

APPEAL from a judgment for the defendants, in the Superior Court of the City and County of San Francisco.

*William M. Pierson*, for Appellants.

The omission from the certificate of incorporation of the statement of the amount of the capital stock, and of the number of shares into which it was divided, renders the certificate void. (Stats. 1853, p. 87, § 2.) Similar defects have been held fatal, even on collateral attack. (*Harris* v. *McGregor*, 29 Cal. 125 ; *Mokelumne Min. etc. Co.* v. *Woodbury*, 14 id. 425 ; *Bigelow* v. *Gregory*, 73 Ill. 197 ; *Field* v. *Cook*, 16 La. An. 153 ; *Abbott* v. *Omaha S. Co.* 4 Neb. 419 ; *Childs* v. *Smith*, 55 Barb. 45, 53 ; *West* v. *Bullskin & Co.* 32 Ind. 138 ; *O'Reilly* v. *Kankakee, etc.* id. 169 ; *Piper* v. *Rhodes*, 30 id. 309 ; *New Eel River Asso'n* v. *Durbin*, id. 173 ; *Indianapolis etc. M. Co.* v. *Herkimer*, 46 Ind. 142 ; *Valk* v. *Crandell*, 1 Sand. Ch. 179 ; *Unity Ins. Co.* v. *Cram*, 43 N. H. 636 ; *Union Home Shoe Works* v. *Lewis*, 1 Abb. U. S. 518.)

And at the suit of the State. (*People* v. *Selfridge*, 52 Cal. 331 ; *People* v. *Chambers*, 42 id. 201 ; *State* v. *Central O. Association*, 29 Ohio St. 399 ; *State* v. *Bethlehem etc. R. R.* 32 Ind. 357.)

The existence of a capital stock was, under the Constitution and the Act of 1853, indispensable to the existence of a corporation. (Old Const. art. iv, §§ 31, 32, 33, 36 ; art. xi, § 10 ; Stats. 1853, p. 81, §§ 1, 2, 4, 5, 9, 10, 16, 20 ; *French* v. *Teschemaker*, 24 Cal. 518–545.)

The Act of 1853, as amended April 13th, 1855, did not authorize the organization of a mutual savings bank. (Stats. 1853, p. 81, § 1; Stats. 1855, p. 205.)

The Act of April 1st, 1864, was not intended to cure any defects in certificates of incorporation, except such as pertained to their execution and acknowledgment. (Stats. 1863–64, p. 303; *Larrabee* v. *Baldwin*, 35 Cal. 169.

*Stanley, Stoney, & Hayes*, for Respondents.

The first section of the Act of April 14th, 1853, has been authoritatively construed to provide for the formation of such corporations as the defendant. (Act of March 14th, 1870, Stats. 1869–70, p. 132; Act of March 24th, 1870, id. p. 364.) These acts also directly recognize the legality of corporations created under the Act of 1853 with *members*, in contradistinction to stockholders. The legislation estops the State. (*Commonwealth* v. *The Pejepscut Proprietors*, 10 Mass. 155.) The incorporation of the defendant was validated by the Act of April 1st, 1864. (Stats. 1863–64; Cooley's Const. Lim. 371.)

SHARPSTEIN, J.:

This is a proceeding on the part of the State, in the nature of a *quo warranto*, to inquire into the legality of the existence of the defendant, La Société Francaise d'Epargnes et de Prévoyance Mutuelle, as a corporation, and of the legality of the exercise of the powers of directors of it by the other defendants. The complaint was demurred to, and the demurrer sustained by the Court below. The plaintiff declined to amend, and the complaint was dismissed. From that judgment this appeal is taken. The original corporators of the corporation defendant filed a certificate of incorporation on the 1st day of February, 1860, in which they omitted to state the amount of the company's capital stock, or the number of shares of which it would consist. The object for which the corporation was formed was, " to receive " from its members " deposits of money, to preserve the same from loss, and to find secure and profitable investment therefor." The only law in force at that time which provided for. the formation of corporations for trad-

ing, etc., was an act entitled " An act to provide for the forma-
tion of corporations for certain purposes," approved April 14th,
1853. There is no authority in that act for the incorporation
of any company without a capital stock consisting of a specified
number of shares. Nor do we understand it to be claimed by
respondents' counsel that there is. They do claim, however,
that a corporation could be formed under that law, for the ob-
ject specified in the certificate of the corporators of this corpor-
ation; viz., to carry on the business of a savings bank; and
they insist that the Act of 1853 has, since the incorporation of
this corporation, received a legislative construction to that
effect. The act which they cite in support of that proposition
is entitled, " An act amendatory of and supplemental to an
act entitled ' An act to provide for the formation of corpora-
tions for certain purposes, approved April 14th, 1853,' and the
acts amendatory thereof and supplemental thereto," approved
March 4th, 1870. (Stats. 1869–70, p. 132.) The first sec-
tion of that act reads as follows: " All corporations and their
successors heretofore formed under the provisions of the act of
which this act is amendatory, for the purpose of *receiving from
the members thereof, and others, deposits of money, preserving
the same from loss, and of finding secure and profitable invest-
ment therefor*, may receive deposits of money from minors and
married women." It is claimed that this is a clear recognition
of the power of corporations organized under the Act of 1853,
for the avowed object for which this corporation was formed,
to conduct the ordinary business of savings banks. This we
conceive to be too plain to admit of argument. No change of
phraseology could make it plainer. And by a subsequent act,
with a similar title, approved March 24th, 1870 (Stats. 1869–
70, p. 364), the power of such corporations to transact that
kind of business is recognized in nearly or quite the same lan-
guage. In both of these acts there is a direct reference to cor-
porations which had members, although the law of 1853 only
provided for the incorporation of companies with stockholders.
In view of the provisions of these acts, it seems to us that the
State is estopped from denying that corporations could be
formed under the Act of 1853 to carry on the business which
this corporation was organized to carry on. (*Proprietors of*

*Enfield* v. *Perruit*, 5 N. H. 280; *Commonw.* v. *The Pejepscut Proprietors*, 10 Mass. 154; *Commonw.* v. *Heirs of Andre*, 3 Pick. 224.) And if this was an existing corporation at the respective dates of the Acts of 1870, it was entirely competent for the Legislature, by a general law, to confer upon it, and all similar corporations, the power to transact the business of savings banks. (*Aikin* v. *W. R. R. Corporation*, 20 N. Y. 370.) Those acts, from the time of their going into effect, fixed the law upon this subject. (*Municipality* v. *Wheeler*, 10 La. An. 747.) But prior to the passage of the Acts of 1870, the Legislature, by an Act approved April 1st, 1864 (Stats. 1863–64, p. 303), and entitled "An act concerning corporations," enacted as follows:

"All associations or companies *heretofore* organized, and acting in the *form and manner of corporations*, and that have filed certificates for the purpose of being incorporated, but whose certificates *are in some manner defective*, or have been improperly acknowledged, or have been acknowledged before a person not authorized by law to take such acknowledgments, *are hereby declared to be, and to have been, corporations from the date of the filing of such certificates, in the same manner, and to the same effect and intent, as if such certificates were without fault*, and properly acknowledged before the proper officer; and all such certificates *are hereby validated and declared to be legal, and shall have the same force and effect as if such certificates were free from all fault or defect*, and were properly acknowledged before an officer having authority to take such acknowledgments."

It is not denied that this association or company had been organized, and acting in the form and manner of a corporation, and had filed a certificate for the purpose of being incorporated. And that seems to bring it within the purview of the act. Reading these several acts together, there is little or no room left for doubt as to the validity of the incorporation and acts of the corporation defendant, and its trustees, from and after the passage of the Act of 1870.

There is seldom any question raised as to the prospective operation of a curative statute. It was just as competent for the Legislature to confer additional powers, privileges, and im-

munities by the subsequent as by the original act. But since the enactment of the Civil Code, and before the commencement of this action, this corporation elected to have a capital stock, and issued certificates therefor in the same manner as corporations formed under the provisions of chapter 1, article 1, of said Code, and has in all other respects complied with the provisions of section 300 of said Code.

We have endeavored to show that this corporation did have a legal existence prior to the enactment of that Code, and if it did have, the question now is, not whether it transcended some of its powers before that time, but whether, at the time of the commencement of this action, it was transcending any of its powers. It is not alleged that it was, and if it was not, the Court cannot grant the relief prayed in the complaint. And it is only upon the hypothesis that this corporation had no legal existence prior to the time when it elected to come in under the Code, that the appellant claims to be entitled to any relief. Having determined that it had a legal existence prior to that time, it necessarily follows that it had a right to come in under the Civil Code, and have a capital stock, and stockholders; and having elected so to do, its right to exercise such corporate powers as it is alleged to be exercising is not without, but with, authority of law; and the demurrer to the complaint was properly sustained.

Judgment affirmed.

Ross, J., MYRICK, J., MORRISON, C. J., THORNTON, J., and McKINSTRY, J., concurred.