[Civ. No. 6071. Second Appellate District, Division One.—May 14, 1930.]

THE PEOPLE ex rel. GEORGE A. BRAY, Appellant, v. CITY OF BARNES CITY (a *De Facto* Municipal Corporation), Respondent.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, C. A. Lindeman and Loris V. Cady for Appellant.

Erwin P. Werner, City Attorney of the City of Los Angeles, Frederick von Schrader, Assistant City Attorney, and Sam H. Erwin, Deputy City Attorney, for Respondent.

CONREY, P. J.—By complaint filed on the fourteenth day of February, 1927, plaintiff commenced this action in *quo warranto* to have it adjudged that the proceedings purporting to incorporate the City of Barnes City are illegal and void; that the defendant be ousted and excluded from all municipal corporate rights, privileges and franchises over the described territory; and that said territory be adjudged to be unincorporated territory of the county of Los Angeles. Certain stipulations were filed, signed by the attorneys for

plaintiff and the city attorney of defendant, extending the time of defendant to plead to the complaint. The time allowed having expired the default of the defendant was regularly entered on the seventh day of May, 1927. Pursuant to said default, judgment was entered on August 9, 1927, in accordance with the prayer of the complaint.

On August 11, 1927, the city of Los Angeles entered a special appearance by its city attorney and gave notice of two motions to be made on August 18th. One motion was for an order vacating the default and setting aside the judgment, upon the ground that the default and judgment were attempted to be taken against a defendant which by operation of law had prior thereto been wholly dissolved and disincorporated, and that by reason thereof the court was without jurisdiction to entertain or pass upon any of the matters set forth in the complaint; and upon the further ground that the judgment as entered directly affects lawfully incorporated territory of the city of Los Angeles, over which that city is and for a long time has been exercising municipal control and jurisdiction. The other of said motions asked that the action be dismissed, upon the ground that by virtue of consolidation proceedings the defendant, City of Barnes City, on the eleventh day of April, 1927, became dissolved, disincorporated and nonexistent; that the matters presented in the action have become moot; that there has not been, since April 11, 1927, any defendant against whom a default or judgment could be rendered and that the court is without jurisdiction to further entertain said proceeding. These motions were heard upon affidavits presented by the respective parties.

On the fourth day of November, 1927, plaintiff gave notice of motion to be made November 10, 1927, for leave to substitute the city of Los Angeles as a defendant and for leave to file a supplemental and amended complaint. By stipulation the hearing of this motion was continued to November 29th.

On November 9, 1927, the court made an order which recited the fact that by the judgment it appeared that by said judgment it was decreed that the territory formerly within the corporate limits of defendant city was unincorporated territory; and that it further appeared that said default judgment was based upon a misapprehension of the

facts and that said adjudication of the status of the territory was not within the issues tendered by the complaint and was not a matter that could have been judicially determined in this proceeding, and that by reason thereof said judgment in so far as it attempted to adjudicate, determine and decree the status of the territory was void and in excess of jurisdiction. ''Upon the motion of the above entitled court, it is hereby ordered and decreed that the said judgment be vacated and set aside as void and in excess of jurisdiction, and that the same be accordingly declared null and of no effect.''

By order of December 30, 1927, the court denied plaintiff's motion for leave to file an amended complaint. By order of January 12, 1928, the court ordered that the default be set aside and the action dismissed.

The plaintiff appeals from the order vacating the judgment, and from the order denying the plaintiff's motion for leave to file an amended and supplemental complaint and to substitute parties defendant, and from the judgment dismissing the action.

In the order setting aside the judgment there is a recital of fact, to the effect that the adjudication of status of the described territory was not within the issues tendered by the complaint. Although the prayer of the complaint asked that it be adjudged that the described territory is unincorporated territory of the county of Los Angeles, there was in the complaint no allegation of fact showing that it was unincorporated territory. For the present purposes let it be assumed that in this respect no issue was tendered by the complaint. It remains true that the complaint did fully present an issue concerning the validity of the incorporation of the defendant. The default was properly entered on May 7th, notwithstanding that the proceeding of consolidation with the city of Los Angeles had been completed on the eleventh day of April, 1927. In section 10 of the Consolidation Act of 1913 (Stats. 1913, p. 585), under which the consolidation proceedings were conducted, it is provided that in the event of consolidation of municipal corporations under the act, any action brought by or against one of the consolidated corporations prior to the consolidation shall not be affected thereby; but that all such proceedings shall be continued and concluded, by final

judgment or otherwise, in all respects the same as if such consolidation had not been effected. (Stats. 1915, p. 313; Deering's Gen. Laws, 1923 ed., Act 5166.) It follows that upon April 11, 1927, the city of Los Angeles, in taking over the City of Barnes City as a part of itself, became subject to the perils of the pending litigation against said city, and to all summonses or notices to which the original defendant was at that time bound to respond. Plaintiff was not obliged to serve a new summons. Moreover, there is noth-. ing in the record tending to show that the city of Los Angeles did not have full notice of this action and of the situation in which it then was.

From the foregoing, it results that the judgment entered on August 9, 1927, was regularly given, made and entered. No appeal having been taken therefrom within sixty days from its entry, and there being no motion for a new trial, the judgment on October 8, 1927, became final. (Code Civ. Proc., sec. 939.)

In vacating the judgment by its order of November 9, 1927, the court declared that it acted upon its own motion and that the order was made for the reason that "said judgment, in so far as it attempted to adjudicate, determine and decree the status of said territory, was void and in excess of jurisdiction." Assuming that, for the stated reason, that part of the judgment which declared that the described territory was unincorporated territory of the county of Los Angeles was void, it does not follow that the court had jurisdiction at that time to annul and declare void the entire judgment. That portion of the judgment declaring that the territory was unincorporated was a severable item, not involved with and wholly unnecessary to the remainder of the judgment which annulled the incorporation proceedings of the defendant City of Barnes City.

It is true that it has been held that where on the face of the record a judgment is void the court at any time may set it aside. (*People* v. *Greene*, 74 Cal. 400 [5 Am. St. Rep. 448, 16 Pac. 197]; *Winrod* v. *Wolters*, 141 Cal. 399 [74 Pac. 1037].) But this is not to say that where the court has exceeded its jurisdiction only in this, that it has included in its judgment a distinct and separate item which was beyond the powers of the court, the entire judgment is thereby rendered null and void. Under such circumstances

we are of the opinion that the authority of the court is limited to the right to strike from the judgment that part thereof which on the face of the record is void. In *Baar* v. *Smith,* 201 Cal. 87 [255 Pac. 827, 832], in a case where it appeared that the court in its judgment included matters outside of the issues tendered and litigated in the action, that part of the judgment extraneous to the issues was held to be void (p. 99). "So much of a judgment that exceeds the issues as thus defined, and determines issues not tried or involved, is *coram non judice* and void." The implication is that the remainder of the judgment would remain in force.

Our decision on the preceding point leads at once to the conclusion that the superior court did not err in making its order of December 30, 1927, whereby it denied plaintiff's motion for leave to file an amended and supplemental complaint, and for leave to substitute the city of Los Angeles as a defendant in the action. By the same token it follows that the judgment of dismissal of the action was erroneous.

The order of November 9, 1927, vacating and setting aside the judgment entered on August 9, 1927, is reversed. The order of December 30, 1927, denying plaintiff's motion, is affirmed. The judgment of dismissal entered on January 7, 1928, is reversed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 4, 1930, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1930.