[S. F. No. 14052. In Bank.—October 14, 1930.]

GEORGE A. BRAY, Petitioner, v. H. A. PAYNE, County Auditor, etc., Respondent.

C. A. Lindeman and Loris V. Cady for Petitioner.

Everett W. Mattoon, County Counsel, and Claude W. McFadden, Deputy County Counsel, for Respondent.

Erwin P. Werner, City Attorney, Sam H. Erwin, Deputy City Attorney, Robert J. Stahl and Arthur M. Ellis, *Amici Curiae,* for Respondent.

SHENK, J.—This is a proceeding in *mandamus* to compel the respondent, as county auditor of Los Angeles County, to extend on the appropriate assessment books of said county an assessment for county highway and county free library purposes. It is the obvious purpose of the petitioner by this form of proceeding to obtain an adjudication whether the territory embraced within the corporate limits of the former city of Barnes City in said county is incorporated or unincorporated territory. In response to the alternative

writ the respondent has presented a general demurrer to the petition. Assuming, without deciding, that the problem presented may properly be determined in a proceeding in *mandamus,* we turn to a consideration of the merits.

Pursuant to an election held for that purpose in unincorporated territory of Los Angeles County, the board of supervisors of said county by resolution and order entered on its minutes on January 18, 1926, declared the territory described in the petition herein to be a municipal corporation of the sixth class under the name of the city of Barnes City, in accordance with the requirements of the General Municipal Incorporation Act. (Stats. 1883, p. 93.) Thereafter and on February 13, 1926, a certificate of such incorporation was filed in the office of Secretary of State. From that time until April 11, 1927, said city of Barnes City functioned as a municipal corporation of this state. Some time prior to February 14, 1927, an election was held in said city pursuant to the Consolidation Act of 1913 (Stats. 1913, p. 577), to decide whether the city of Barnes City should consolidate with the city of Los Angeles. A favorable vote was cast. After the election and still prior to February 14, 1927, the city council of the city of Los Angeles adopted a resolution accepting, authorizing and approving the consolidation of the city of Barnes City and the city of Los Angeles. A certificate of said consolidation was filed in the office of the Secretary of State on April 11, 1927, whereupon the city of Los Angeles assumed to be the successor of the city of Barnes City and has since exercised municipal functions over and upon the territory formerly embraced within its boundaries and the people residing therein. No attack has been made upon said consolidation proceedings and the territory formerly within the limits of the city of Barnes City is a part of the city of Los Angeles unless the proceedings hereinafter related and discussed compel a contrary conclusion.

On February 14, 1927, which was after the consolidation election was held but before the consolidation proceedings were completed, the attorney-general, upon the relation of the petitioner herein, instituted *quo warranto* proceedings against the city of Barnes City to have it adjudged that the proceedings to incorporate the city of Barnes City were illegal and void and to oust said city from the exercise of

the municipal franchise. Process was duly served in that action and stipulations were entered into between the officers of Barnes City and the plaintiff in said action extending the time of the defendant to plead to May 2, 1927. In the meantime the consolidation proceedings had been completed and had become effective on April 11, 1927. On May 7, 1927, the default of the defendant in said *quo warranto* proceeding was entered. On August 3d, following, the plaintiff therein submitted his proof and on August 9th a judgment was entered adjudging that the defendant city of Barnes City was guilty of usurping, intruding into, and unlawfully holding and exercising the rights, privileges and franchise of a municipal corporation and ousting the defendant therefrom. In addition the default judgment contained a clause decreeing and establishing the territory included within the boundaries of the former city of Barnes City to be unincorporated territory. On August 12, 1927, the city of Los Angeles entered a special appearance by its city attorney and gave notice of two motions to be made on August 18th. One motion was for an order vacating the default and setting aside the judgment, upon the ground that the default and judgment were attempted to be taken against a defendant which by operation of law had prior thereto been dissolved and disincorporated and by reason whereof the court was without jurisdiction to entertain or pass upon any of the matters set forth in the complaint and upon the further ground that the judgment as entered directly affected lawfully incorporated territory of the city of Los Angeles over which that city had, since the completion of the consolidation proceeding, exercised municipal control and jurisdiction. The other motion sought to have the action dismissed on the ground that the issues tendered therein had become moot. Prior to the determination of either motion the plaintiff in said action, on November 4th, gave notice of motion to be made on November 10th for leave to substitute the city of Los Angeles as the party defendant in said action and for leave to file an amended and supplemental complaint. By stipulation the hearing on this motion was continued to November 29th. On November 9, 1927, the court entered an order vacating and setting aside the judgment. On December 30th the motion of the plaintiff for leave to substitute and to file an amended and

supplemental complaint was denied. On January 7, 1928, the court dismissed the action. The plaintiff appealed from the order of November 9th vacating and setting aside the default judgment of August 9th, and from the judgment of January 7th dismissing the action. The order and judgment appealed from were reversed. (*People* v. *City of Barnes City,* 105 Cal. App. 618 [288 Pac. 442].) A petition for hearing in this court was denied July 7, 1930, on the theory that, as matter of law, the provisions in the judgment entered August 9th, declaring and establishing the territory formerly included within the boundaries of the city of Barnes City to be unincorporated territory, was not embraced within the issues properly tendered in the *quo warranto* proceeding and was void on its face; and that any statements made by the District Court of Appeal in its opinion which might be construed as an ouster of the city of Los Angeles in its then exercise of municipal functions over said territory were entirely without the scope of the action in *quo warranto* and involved in said appeals. This seemed especially to be true in view of the fact that the District Court of Appeal assumed in its opinion that the provision of the judgment entered August 9th, declaring and establishing said territory as unincorporated territory, was void and in its judgment affirmed the order of the trial court denying the motion of the plaintiff to substitute the city of Los Angeles as the party defendant in said action. It was therefore thought that no prejudice would be suffered in permitting the judgment of ouster against the city of Barnes City to stand. But whatever construction may be placed on the decision of the District Court of Appeal we are not confronted with the contention that the city of Los Angeles has been ousted of its jurisdiction, *de jure,* if it has any, and *de facto,* which it concededly has, by reason of the judgment of ouster against the city of Barnes City.

It cannot be questioned that, by reason of the completion of the consolidation proceeding and the admitted exercise of the municipal franchise in said territory by the city of Los Angeles, the consolidated city is *de facto* as to its exercise of control over said territory. Whether its jurisdiction be *de facto* or *de jure* might have been questioned in an appropriate proceeding under sections 803–810 of the Code of Civil Procedure (*Coe* v. *City of Los Angeles,* 42

Cal. App. 479 [183 Pac. 822], but such a proceeding was not instituted. Petitioner's contention is that such an inquiry is now foreclosed for the reason, it is claimed, that the question of whether said territory is incorporated or unincorporated is *res judicata.* The argument is grounded on the postulate that the judgment of August 9th, wherein said territory was declared to be and established as "unincorporated territory of Los Angeles county," has become final and binding upon the city of Los Angeles as the successor in interest of the city of Barnes City. But the question whether said territory was incorporated or unincorporated was not within the issues which could be determined in said *quo warranto* proceeding. The only issue properly involved therein was whether the city of Barnes City was usurping, intruding into, or unlawfully holding or exercising the municipal franchise at the time of the commencement of the action, to wit, on February 14, 1927. (*People* v. *Perrin*, 56 Cal. 345, 349.) When the judgment of August 9th assumed to declare the status of the territory upon the completion of the ouster it proceeded beyond the bounds of the legitimate issues of the complaint. That part of the judgment is void for all purposes. (*Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827].) It cannot operate as an adjudication of the status of the territory and must be disregarded.

 The petitioner further contends that the city of Los Angeles assumed jurisdiction over said territory following the completion of the consolidation proceeding subject to the final adjudication in the *quo warranto* proceeding. This contention involves a construction of certain provisions of section 10 of the Consolidation Act as amended in 1915. (Stats. 1915, p. 313.) The pertinent provisions of that section are as follows: "Except as in this act provided, any consolidation of municipal corporations *effected* under the provisions of this act shall not affect any *debts, demands, liabilities or obligations* of any kind existing in favor of or against any such municipal corporations *so consolidated, at the time of such consolidation,* or any action or proceeding then pending in any court in which any such *debt, demand, liability or obligation* of any kind may be involved, or any action or proceeding brought by or against any such municipal corporation *prior to such consolidation;* but all such proceedings shall be continued and concluded, by final judg-

ment or otherwise, in all respects the same as if such *consolidation had not been effected.*'' The words which we have italicized indicate that the quoted portion of the statute contemplates beyond question that consolidation shall actually be effected as a prerequisite to the operation of the saving clause therein contained. If consolidation be not effected, the quoted provisions are not operative. The statute presupposes the power of each municipality to consolidate and by its terms preserves litigation appertaining to *debts, demands, liabilities* and *obligations* of either municipal corporation unaffected and undisturbed by the *act of consolidation.* It would be going too far and beyond the intent of the statute to say that consolidation itself might be destroyed by the operation of the saving clause. Such self-destruction plainly was not contemplated.

As above stated, the favorable vote on consolidation in the city of Barnes City was recorded before the *quo warranto* proceeding was commenced and thereafter was carried to completion. The final judgment of ouster was not retroactive and had no legal effect upon the exercise of the municipal function prior to the entry of the judgment. (*Reclamation Dist. No. 765* v. *McPhee,* 13 Cal. App. 382 [109 Pac. 1106].) There is nothing in the Consolidation Act to prevent a *de facto* municipal corporation from effectually participating in an act of consolidation and we are referred to no precedent to the effect that it may not.

There is therefore no duty enjoined by law upon the respondent county auditor to extend the assessment item as prayed for in the petition.

The peremptory writ is denied and the alternative writ is discharged.

Waste, C. J., Richards, J., Curtis, J., Preston, J., and Langdon, J., concurred.

Rehearing denied.