[Civ. Nos. 17181, 17182.   First Dist., Div. One.   Feb. 8, 1957.]

CITY OF SAN PABLO et al., Appellants, v. CITY OF RICHMOND et al., Respondents.

[Civ. No. 17183.   First Dist., Div. One.   Feb. 8, 1957.]

COLLEGE HIGHLANDS, INC. (a Corporation) et al., Respondents, v. CITY OF SAN PABLO et al., Appellants.

James P. O'Drain and Leland F. Reeves, City Attorneys (City of San Pablo), and Robert T. Anderson for Appellants.

Thomas M. Carlson, City Attorney (City of Richmond), Dana Murdock and Robert Eshleman for Respondents.

PETERS, P. J.—Lying near to the cities of Richmond and San Pablo is certain uninhabited territory that both cities covet, and each has attempted to annex. Several facets of the controversy have already been before the appellate courts. (*People* v. *City of Richmond,* 141 Cal.App.2d 107 [296 P.2d 351]—the so-called Pennington case; *Johnson* v. *City of San Pablo,* 132 Cal.App.2d 447 [283 P.2d 57].)

The two cities, proceeding under the Annexation of Uninhabited Territory Act of 1939 (Gov. Code, §§ 35300-35326) purported to annex substantially the same territory. Cases numbered 1 Civ. 17181 and 1 Civ. 17182 are review and mandate proceedings, respectively, challenging the validity of the Richmond annexation, while case numbered 1 Civ. 17183 challenges the validity of the San Pablo proceedings. The three cases were consolidated for trial, together with certain other cases not involved on these appeals. The trial court upheld the validity of the Richmond annexation, and held that the San Pablo annexation was invalid, and entered its judgments accordingly. San Pablo appeals.

The legal issue involved can be simply stated : If a city starts an annexation proceeding which is attacked and subsequently held to be invalid, may it validly start a second and proper proceeding to annex the whole or part of the same territory before the judgment is entered declaring the first proceeding to be invalid? In our opinion, it may do so.

The facts may be summarized as follows :

*February 16, 1954*: Richmond Ordinance 1423 was filed with the Secretary of State, purporting to annex a certain 10 square mile area adjoining that city. On May 10, 1954, the complaint in the Pennington case, *supra,* was filed, challenging the validity of this annexation.

*September 21, 1954*: Richmond Ordinance 1448 was filed with the Secretary of State, purporting to annex the DeAnza Vista portion of the above 10 square miles, plus some additional acreage outside the 10 square miles. This proceeding is not directly, but is indirectly, challenged on these appeals.

*January 13, 1955*: Judgment was announced adverse to Richmond in the Pennington case, and a restraining order issued on January 31, 1955. The trial court ruled that Richmond's purported annexation of the 10 square miles was void and invalid.

*February 1, 1955*: Richmond adopted Resolution 5923, initiating the Richmond-Fairmede annexation proceedings which included territory almost entirely within the 10 square

miles involved in the earlier annexation. This proceeding was attacked by the city of San Pablo and in 1 Civ. 17181 and 1 Civ. 17182 held to be valid.

*February 2, 1955*: Judgment was entered against Richmond in the Pennington case.

*February 15, 1955*: San Pablo adopted Resolution 832, which initiated its San Pablo-Fairmede annexation. The area involved also included territory within the above mentioned 10 square miles. These proceedings were attacked by Richmond, and judgment was entered for Richmond. San Pablo appeals. (Number 1 Civ. 17183.)

*March 25, 1955*: On Richmond's motion for new trial, the court modified certain of its findings and conclusions of law in the Pennington case. The new judgment was entered March 29, 1955. This was affirmed by this court in *People* v. *City of Richmond*, 141 Cal.App.2d 107 [296 P.2d 351].

The basic argument of San Pablo is that Richmond had no legal authority to initiate the Richmond-Fairmede annexation on February 1, 1955, because on that date the area involved was already legally annexed to Richmond. Based on this premise, it is argued that the Richmond-Fairmede annexation was fraudulent as a matter of law, and that the San Pablo-Fairmede annexation was valid because commenced subsequent to the entry of judgment in the Pennington case (although before the entry of the modification in that case). It is also argued, for the same reasons, that the Richmond-DeAnza Vista annexation was invalid and that this invalidity results in the invalidity of the Richmond-Fairmede annexation because without the DeAnza annexation the Fairmede area is not contiguous to Richmond as required by statute. The argument of San Pablo is that the validity of the Richmond-Fairmede annexation must be tested by the facts existing on the date of its commencement, that is, February 1, 1955; that a judgment is not effective until entered, and, therefore, the annexation declared invalid in the Pennington case which "voided and annulled" that annexation was effective until February 2, 1955; that until February 2d the annexation involved in the Pennington case was effective so that the area included in the Richmond-Fairmede annexation was already legally annexed to Richmond. A city cannot, of course, annex territory already within its corporate limits.

The trial court declared in the Pennington case that the annexation there involved was "null and void." This was affirmed by this court. We held that because of certain facts

existing when the annexation proceeding was instituted, Richmond was without "jurisdiction" to proceed. In the course of our opinion we amended two paragraphs of the judgment to read as follows (141 Cal.App.2d 107, at p. 120):

"It is further ordered, adjudged and decreed that the proceedings hereby voided and annulled did not cause said territory to be legally annexed nor to become a part of the City of Richmond.

"It is further ordered, adjudged and decreed that the City of Richmond shall not, based upon the annexation proceedings hereby voided and annulled, exercise (1) the franchise of municipal government in or over said territory or (2) any jurisdiction or dominion therein or thereover."

Thus, although the annexation proceedings involved in the Pennington case were declared null and void because Richmond from the inception of the proceedings lacked "jurisdiction" to proceed, San Pablo insists such annexation was legally effective until declared to be invalid on February 2, 1955, by the entry of judgment.

Generally speaking, an act that is "null and void" is so from the very beginning, and legal rights cannot be predicated upon it. If a judicial, legislative, executive, or administrative body proceeds without "jurisdiction," its acts are generally ineffectual for all purposes.

In support of its somewhat startling argument that the Pennington annexation was effectual to bar all other attempts to annex until the date it was declared void, appellant places its main reliance on two cases—*People* v. *Town of Corte Madera*, 115 Cal.App.2d 32 [251 P.2d 988], and *Bray* v. *Payne*, 210 Cal. 465 [292 P. 478]. Neither supports the contention made.

In the Corte Madera case this court held that under sections 35308 and 35309 of the Government Code "the absence of a prior annexation is, by the law, made an indispensable condition precedent to the filing of a subsequent proceeding. The existence of a prior proceeding renders the subsequent one void, under the well settled principle that an act is void if specifically prohibited by statute." (P. 38.) Of course, the quoted rule is applicable only where the prior proceedings are valid, and not applicable where, as in the instant case, the prior proceedings are "null and void." This is made crystal clear by the fact that in the Corte Madera case reference is made four times to the prior "valid" proceedings. (115 Cal.App.2d at pp. 39 and 40.) In the Corte

Madera case the prior proceeding was upheld. If other argument were needed to demonstrate that the quoted rule of the Corte Madera case only applies to a prior valid annexation, it is to be found in *Johnson* v. *City of San Pablo*, 132 Cal.App.2d 447 [283 P.2d 57], where this court expressly held that a prior void San Pablo annexation proceeding had no priority over a subsequent valid Richmond annexation where the territories overlapped. This case disposes of appellant's contentions. Its attempts to distinguish it are unsound.

The second case relied upon is *Bray* v. *Payne*, 210 Cal. 465 [292 P. 478], which was a proceeding to determine whether Barnes City was an unincorporated or incorporated area. The city was first declared by the board of supervisors to be incorporated and later voted to consolidate with Los Angeles. The consolidation was valid only if Barnes City was already incorporated. In prior litigation it was determined that the original incorporation was void. Nevertheless, the consolidation was upheld. Appellant urges that necessarily the opinion must stand for the proposition that the declaration that the original incorporation was void became effective only from the date of its declaration. But the case stands for no such proposition. There it was held that Barnes City, although not legally incorporated, was at least a de facto municipal corporation, and that (p. 471) : "There is nothing in the Consolidation Act to prevent a *de facto* municipal corporation from effectually participating in an act of consolidation and we are referred to no precedent to the effect that it may not."

The case of *People* v. *City of Westmoreland*, 135 Cal.App. 517 [27 P.2d 394], contains some significant language. There the question was whether a judgment which declared Westmoreland was *not validly incorporated* changed the status quo. If it was validly incorporated until the judgment of invalidity was entered, obviously the judgment changed the status quo. But the court held the incorporation invalid from the beginning, declaring (p. 521) : "The judgment necessarily relates back to the date of incorporation and petitioner's status which is affected by the judgment is its status on the date on which it claimed that it came into existence as a municipality. If, at the time of its alleged incorporation, it was not legally incorporated, its legal status subsequent to that time has not been changed by the judgment."

Thus, it is clear that, under the law as it existed when

these proceedings were instituted,* there was no legal impediment to Richmond starting an annexation proceeding after having started a prior one, subsequently declared void, involving some or all of the same area. In such a situation priority between it and San Pablo is governed by the usual rule that first in time is first in right. The Richmond-Fairmede annexation being first in time, it therefore prevails over the San Pablo annexation of the same area.

The contention that the Richmond-Fairmede annexation territory is not contiguous to the corporate limits of Richmond is based upon the claim that contiguity depends upon the Richmond-DeAnza annexation. It is claimed that the DeAnza annexation is void for the same reason that it is claimed that the Richmond-Fairmede annexation is void—because it was commenced before the judgment declaring the original annexation of the 10 square miles was void was entered. This collateral attack on the Richmond-DeAnza annexation must fail for the same reasons that have already been given in upholding the Richmond-Fairmede annexation.

All other points raised depend upon the point already discussed, and fall with it.

The judgments are affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 2, 1957. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.

---

*Section 35308 of the Government Code was amended, and section 35309 was repealed in 1955. (Stats. 1955, chap. 915, p. 1541.)