95 457<br>97 14<br><br>95 457<br>135 182

[No. 14698.   Department One. — August 2, 1892.]

ALICE DEHAIL ET AL., RESPONDENTS, v. W. E. MOR-
FORD ET AL., APPELLANTS.

MUNICIPAL CORPORATIONS — WIDENING OF STREET — ORDINANCE NOT COM-
PLYING WITH STATUTE — INSUFFICIENT SPECIFICATION OF BOUNDARIES
— ASSESSMENT — INJUNCTION. — The ordinance adopted by the city of
Los Angeles July 8, 1889, for the widening of First Street from the
west side of Los Angeles Street to the west line of Alameda Street,
which provides that the exterior boundaries of the district of land to be
benefited are "all lots and parcels of land fronting on each side of
First Street, from the west side of Los Angeles Street to the west side
of Alameda Street," does not comply with the provisions of section 2
of the act of March 6, 1889 (Stats. 1889, p. 70), under which the proceed-
ings for the widening were had, which declares that the city council
shall pass a resolution "specifying the exterior boundaries" of the dis-
trict of lands to be affected or benefited thereby; and a sale of lands for
the purpose of satisfying an assessment under such ordinance will be re-
strained by injunction.

ID. — JURISDICTIONAL REQUIREMENTS ESSENTIAL. — In proceedings for
the widening of a street, every requirement of the statute which may
in any manner benefit the owner must be observed in order to give ju-
risdiction to the municipality.   After the jurisdiction is once acquired,
subsequent proceedings can be attacked for only such irregularities as
affect substantial rights; but for the purpose of acquiring jurisdiction,
every requirement must be regarded as of equal necessity.

ID. — FILING OF OBJECTIONS TO IMPROVEMENT — RIGHT TO OBJECT TO JURIS-
DICTION — WAIVER. — The fact that a property owner, whose land had
been assessed for the widening of a street, appeared before the city coun-
cil and filed objections to the improvement, and afterwards protested
against the report of the commissioners, did not operate as a waiver of
his right to object to want of jurisdiction in the council over the subject-
matter of the improvement.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*C. McFarland,* for Appellants.

*J. L. Murphey,* and *C. L. Stiles,* for Respondents.

HARRISON, J. — The city of Los Angeles adopted an ordinance July 8, 1889, for the widening of First Street from the west side of Los Angeles Street to the west line of Alameda Street, for which certain lands were to be taken, and the costs, damages, and expenses thereof to be paid by an assessment upon other lands to be benefited thereby. Further proceedings were had under the ordinance, culminating in an assessment upon certain lands bordering upon the improvement, which was placed in the hands of the defendant Morford, as street superintendent of the city, for collection; and the defendant having advertised for sale, and being about to sell for the purpose of satisfying said assessment, certain lots of land belonging to the plaintiffs, this action was brought to restrain him from making the sale. The defendants answered the complaint, setting out the proceedings leading up to the assessment, and the proceedings thereunder; and upon the motion of the plaintiffs, the court rendered judgment in their favor upon the pleadings, perpetually enjoining the defendants from making said sale. From this judgment the defendants have appealed.

Section 2 of the act of March 6, 1889 (Stats. 1889, p. 70), under which the proceedings for widening the street were had, declares: —

"Sec. 2. Before ordering any work to be done or improvement made which is authorized by section 1 of this act, the city council shall pass a resolution declaring its intention to do so, describing the work or improvement, and the land deemed necessary to be taken therefor, and specifying the exterior boundaries of the district of lands to be affected or benefited by said work or improvement, and to be assessed to pay the damages, costs, and expenses thereof."

The ordinance adopted by the city of Los Angeles for widening said street provides for an assessment to pay

the cost of the improvement, in the following language: —

"Sec. 2.    That the exterior boundaries of the district of land to be benefited by said improvement, and to be assessed to pay the damages, costs, and expenses thereof, are as follows: All lots and parcels of land fronting on each side of First Street, from the west side of Los Angeles Street to the west line of Alameda Street; also all of the property of the railroads situated upon said First Street between said points shall also be assessed to pay said costs, damages, and expenses."

This is not a compliance with the provisions of the above section of the statute, for a resolution "specifying the exterior boundaries" of the district to be assessed to pay the cost of the improvement.   The only boundaries of the district which are "specified" are the lines of First Street between Los Angeles and Alameda streets, and these, instead of being the "exterior boundaries" of the district to be assessed, are only the boundaries of a tract within the district which is exempted from assessment.   There is nothing in the description of the district from which its extent in either direction from First Street can be ascertained, or by which any one can determine the quantity of land which is to be assessed.

A very obvious reason for this requirement of the statute is, that each owner of property within the district may be informed of the extent of territory which is to bear the burden of the improvement, and thus, by calculating the relative burden upon himself, determine whether the burden to be borne by himself will be so disproportionate to the benefit of the improvement that he can make suitable representations to the city council when it comes to act upon the ordinance in pursuance of its resolution of intention.   While each owner of property may know the depth and area of his own lot within the district, he is not presumed to know that of the other lot-owners, and consequently cannot know the relative proportion of the expense which he will be called upon to bear, and cannot intelligently make any

objections before the council "to the *extent* of the district of lands to be affected or benefited by said work or improvement," which by section 4 of the statute he is authorized to make and have considered by it. Irrespective of such reason, however, it is a sufficient reason that the legislature has prescribed this as a requirement to be observed by the city council, and one of the steps to be taken by it before it can have any jurisdiction in the matter; and it is a fundamental principle, in proceedings of this character, that every requirement of the statute which has a semblance of benefit to the owner must be observed, in order to give to the municipality jurisdiction in the premises. After the jurisdiction has once been acquired, subsequent proceedings can be attacked for only such irregularities as affect substantial rights, but for the purpose of acquiring jurisdiction every requirement must be regarded as of equal necessity.

The plaintiffs did not waive their right to object to this want of jurisdiction by the fact that they appeared before the city council and filed objections to the improvement, and afterwards protested against the report of the commissioners. If the city council failed to acquire jurisdiction of the subject-matter of the improvement, it could not acquire jurisdiction by the consent of the plaintiffs, much less by the fact that they objected to the improvement. It was said in *Hewes* v. *Reis*, 40 Cal. 263: "The right to appear before the board and object cannot certainly excuse the performance of those acts which are conditions precedent to the exercise of the power, nor does this right of remonstrance possess the least semblance of a remedy for a wrong that may be committed notwithstanding the protest"; and the actual appearance and protesting cannot have any greater effect, for the purpose of conferring jurisdiction, than the unexercised right of so appearing and protesting.

The judgment is affirmed.

DE HAVEN, J., and PATERSON, J., concurred.