[No. 19040.    Department One. — December 12, 1892.]

## CITY OF LOS ANGELES, APPELLANT, *v.* ALICE DEHAIL ET AL., RESPONDENTS.

CITY OF LOS ANGELES — WIDENING OF STREET — INVALID ORDINANCE — UNAUTHORIZED ACTS OF COMMISSIONERS — CONDEMNATION OF LAND. — The ordinance of the city of Los Angeles, adopted July 8, 1889, for the widening of First Street in that city, did not confer upon the city any jurisdiction to make the improvement contemplated thereby, or authorize the commissioners appointed thereunder to determine the amount of money which the owners of land to be taken should accept for its conveyance to the city, and the owners cannot be compelled to accept that amount or make a conveyance of their land; and the ordinance cannot be used as the basis of any action for condemnation of the land sought to be included in the improvement

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*C. McFarland*, for Appellant.

*J. H. Magoffey, Amicus Curiæ.*

*J. L. Murphy*, and *Chapman & Hendrick*, for Respondents.

The COURT. — Action to appropriate to the use of the plaintiff as a public street certain lands of the defendants under proceedings taken by virtue of the act of March 6, 1889.    (Stats. 1889, p. 70.)

The complaint sets forth an ordinance for the widening of First Street from Los Angeles Street to Alameda Street, adopted by the plaintiff July 8, 1889, and also the various steps taken by the municipality under that ordinance; and alleges that a portion of the land required for the widening of the street is the property of the defendant Alice Dehail, and that the commissioners appointed under said ordinance have determined that she will be damaged by said improvement in the sum of $3,718.50; that this amount of money has been tendered to her, with a request that she execute a deed for said

land to the city, and that she has refused to accept the money or make the deed; and prays judgment for the condemnation of said land upon the payment to the defendants, or into court for their benefit, of the amount of compensation therefor to which they are entitled.   A demurrer to this complaint was sustained, and from the judgment rendered thereon in favor of the defendants the plaintiff has appealed.

In *Dehail* v. *Morford,* 95 Cal. 457, it was held that the ordinance under which these proceedings were taken did not confer upon the city any jurisdiction to make the improvement contemplated thereby; and it is very evident that if the ordinance was insufficient to give to the city any jurisdiction to make the improvement, the commissioners appointed under that ordinance would have no authority to determine the amount of money which the owners of the land to be taken should accept for its conveyance to the city, and that the owners cannot be compelled to accept that amount, or to make a conveyance of their land.

This action cannot be upheld as a proceeding to condemn the land in question under the power of eminent domain, or by virtue of the provisions of section 18 of the act of March 6, 1889.   Before such proceedings can be instituted, it is necessary that the municipality shall have passed a valid ordinance for the widening of the street.   As the ordinance in question conferred no authority to make the improvement, it cannot be used as the basis of any action for condemnation of the land sought to be included in the improvement.

The judgment is affirmed.