GRIEM, Respondent, vs. THE FIDELITY & CASUALTY COMPANY, Appellant.

*April 18 — May 3, 1898.*

*Insurance: Stipulation in policy limiting time for bringing action: Legal proceedings.*

1. A stipulation in an insurance policy limiting the time within which an action may be commenced thereon to a period shorter than that allowed by the statute of limitations, is valid and binding upon the parties, provided such time is not so short as to be unreasonable or the insurer has done nothing to induce delay.

Griem vs. The Fidelity & Casualty Co.

2. The term "legal proceedings" in a stipulation in such policy that "legal proceedings for recovering hereunder may not be brought unless begun within six months" after the death of the insured, etc., means the commencement of an action on the policy.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

In August, 1892, the defendant issued its policy of insurance to one Charles Griem, in the sum of $1,000, insuring him against bodily injuries sustained through external, violent, and accidental means, with a provision that, if death should result within ninety days from such injuries, the company would pay that sum to the plaintiff, his wife. One of the conditions of the policy was as follows: "Immediate written notice must be given said company, at New York City, of any accident and injury for which a claim is to be made, with full particulars thereof, and full name and address of the insured. Affirmative proof of death, or loss of limb or of sight, or of duration of disability, must also be furnished to said company within two months from time of death, or of loss of limb or of sight, or of the termination of disability. *Legal proceedings for recovery hereunder may not be brought till after three months from date of filing proofs at this company's home office, nor brought at all unless begun within six months from the time of the death, loss of limb or sight, or the termination of disability.* Claims not brought in accordance with the provisions of this clause will be forfeited to the company."

On September 17, 1892, Griem died from injuries received by being run over by a car. Immediate notice of the accident was given defendant, and proofs of the injury and death were furnished April 1, 1893. Defendant refused to pay the loss, and the plaintiff commenced this action on the 7th day of August, 1893. The complaint sets out the issue of the policy, the accident to and death of Griem, the giving of notice, the furnishing of proofs of death, the fulfillment of

all of the conditions of the policy on the part of Griem, and the failure of the company to pay. The answer admits the issuing of the policy, notice of the accident, and that proofs of death were filed April 1, 1893. It sets up the condition of the policy before mentioned, and alleges that this action was not commenced within six months of the time of Griem's death. It also set out other conditions of the policy, and alleged that Griem's death occurred while he was intoxicated, and resulted from his attempting to jump on a moving train.

A special verdict was submitted to the jury, in which they found the issues for the plaintiff, and upon which judgment was rendered for the full amount due on the policy. Defendant appeals.

For the appellant there was a brief by *Phillips & Hicks*, and oral argument by *E. R. Hicks*.

For the respondent there was a brief by *Humphrey Pierce*, attorney, and *G. H. Dawson*, of counsel, and oral argument by *Mr. Pierce*. They argued, *inter alia*, that the notice of death, the filing of proofs, or any other act preparatory to enforcing the claim on the policy, was a "legal proceeding" within the meaning of the stipulation.

BARDEEN, J. The paramount question in this litigation is whether this action can be maintained in view of the limitation contained in the policy that the action must be brought within six months from the time of the death of the assured. It was stipulated by the parties that Griem died September 17, 1892, and that this action was not commenced until August 7, 1893, nearly eleven months after his decease. It is settled law in this state that stipulations in an insurance contract limiting the time within which an action may be commenced thereon to a time shorter than that allowed by the statute of limitations are valid and binding upon the parties. *Hart v. Citizens' Ins. Co.* 86 Wis. 77. While, as

suggested in that case, there are conflicting lines of decisions on this question, this court stands committed to the doctrine that parties must abide by the contracts they have made, and, in absence of any proof of facts and circumstances upon which an estoppel may be predicated, there can be no relief granted, unless the terms of the contract have been complied with. Of course, if the limitation were so short as to be unreasonable, or the company had done anything to induce the beneficiary in the policy to postpone commencing her action, a different question would arise, but there is no suggestion of anything of this kind in the case. It appears on the face of the complaint that proofs of death were not furnished the company until nearly seven months after Griem's death, and suit was not commenced until nearly four months thereafter. In *Shackett v. People's Mut. Ben. Soc.* 107 Mich. 65, where the limitation was nine months after death and suit was brought nine days after the expiration of that time, the court held that the action could not be maintained. In *Lentz v. Teutonia F. Ins. Co.* 96 Mich. 445, the limitation was six months, and the suit was brought six months and twelve days after loss. The plaintiff was defeated. There are many cases in other jurisdictions to the same effect. The rule is based on the letter of the contract, which leaves no room for construction.

But it is urged that the words "legal proceedings," used in the policy, do not necessarily mean proceedings in a court to enforce the claim; that the filing of proofs, the employment of counsel, drafting of papers, or other preparations for enforcing the claim, are "legal proceedings," within the meaning of the policy. We cannot agree with this construction of the words used. The stipulation is that "legal proceedings for recovery hereunder may not be brought unless begun within six months from the time of the death," etc. There is nothing uncertain or ambiguous in this clause. The suggestion that legal proceedings for recovery on this policy

may mean the employment of counsel by the beneficiary, or the preparation by her attorney of papers in his office, hardly merits sober consideration. *Ex parte* preparations to commence a suit hardly meet the requirement that "legal proceedings shall be begun" within the time limited. Legal proceedings, within the purview of this stipulation, must mean such proceedings to enforce the claim as the law sanctions or authorizes. Nothing short of the commencement of an action will fulfill this requirement. The plaintiff, having failed, without excuse, to live up to the terms and conditions of the contract, cannot · justly complain because she is denied relief.

Several other questions relative to proceedings on the trial were urged for our consideration, but the view we have taken of the case renders it unnecessary to discuss or determine them.

In view of the stipulation as to date of Griem's death and the commencement of this action, no new trial will be necessary.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.