[Civ. No. 3952.   First Appellate District, Division Two.—September 7, 1921.]

## MARY E. KELLER, etc., et al., Appellants, v. CITY OF OAKLAND et al., Respondents.

[1] STREETS — ABANDONMENT BY MUNICIPALITY — PROCEDURE — CONSTRUCTION OF ACT OF 1889. — Under the act of March 6, 1889 (Stats. 1889, p. 70), giving to the city council of any municipality the power to close up, in whole or in part, any street, the jurisdictional provisions of the act are not confined in their application to cases where assessments are required for improvements, since it appears that a distinction between cases where assessments are necessary and those where assessments are not necessary is first made at a point in the procedure when the council has acquired jurisdiction by the passage of a resolution of intention, the posting of such notice in the manner prescribed, the publication thereof, and such other matters as are prescribed by said act.

[2] ID.—CLOSING OF PORTION OF STREET—FAILURE TO FOLLOW PROPER PROCEDURE — CONSENT OF ABUTTING OWNERS — INSUFFICIENT TO CONFER JURISDICTION.—Where a portion of a street in a municipality is closed by municipal ordinance and not in the manner provided by the act of March 6, 1889, the failure of the city council to acquire jurisdiction cannot be cured by the consent of the abutting property owners.

[3] ID. — CONSTRUCTION OF BULKHEAD IN STREET — INSUFFICIENT ACT OF ABANDONMENT.—Where certain persons claimed the area of a city street from property line to property line and a bulkhead was erected by the city in the street from curb to curb and it was apparent from the action sought to be taken by the council, as evidenced by the ordinance, that the relinquishment of the portion of the street not covered by the bulkhead was not permanent but was made upon the condition that it was to be revocable at the will of the city, such act did not amount to an actual abandonment of the street by the city.

[4] ID.—DISUSER OF EASEMENT FOR FIVE YEARS—INAPPLICABILITY TO TEMPORARY RELINQUISHMENT OF PORTION OF CITY STREET. — The provision of subdivision 4 of section 811 of the Civil Code that an easement acquired by enjoyment may be extinguished by disuser for a period of five years is inapplicable to the rights of a city

---

1. Power to vacate street, note, 2 **Ann. Cas.** 87.

3. Reversion of title upon abandonment of street or highway, note, **18 A. L. R.** 1008.

in a street in which it erected a bulkhead pursuant to an ordinance which also provided for a temporary relinquishment for parking purposes of the portion of the street not covered by the bulkhead.

[5] EASEMENT — LICENSE AFFECTING ENJOYMENT — REVOCATION — REVIVAL OF EASEMENT.—When the owner of an easement licenses another to do an act which affects the enjoyment of the easement, when the license is revoked, the right to the easement revives with full vigor.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ostrander & Carey for Appellants.

H. L. Hagan, City Attorney, T. J. Ledwich, Deputy City Attorney, and Earl Warren for Respondent City of Oakland.

F. L. Arbogast for other Respondents.

LANGDON, P. J.—This is an appeal by the plaintiffs from a judgment against them, after the demurrers of the defendants to the complaint had been sustained. Plaintiffs declined to amend and judgment was entered against them. The complaint alleges that the plaintiffs ''are the owners in fee of all that certain piece or parcel of land situate in the said City of Oakland, County of Alameda, State of California, lying between the northwestern curb line of that certain public street in said city known as 'Fairmount Avenue' and the southeastern line of that certain public street in said city known as 'Piedmont Avenue,' and between the northeastern and southwestern *property lines* of what is now known as 'Rio Vista Avenue.''' Plaintiffs claim title as the heirs at law of Patrick J. Keller, deceased, and it is alleged that ''at the time of the death of said Patrick J. Keller, the said piece or parcel of land was subject to an easement over the same as a public street of the City of Oakland.''

It is further alleged that on the sixth day of June, 1917, the city council passed and adopted an ordinance of said city numbered 1202 (N. S.), which ordinance is set out *in*

*haec verba* in the complaint. It is entitled "An Ordinance setting apart a portion of Rio Vista Avenue for Parking Purposes. . . . " Section 1 of this ordinance provides: "The portion of Rio Vista Avenue lying between the present northeastern and southwestern *curb lines* thereof and extending from the northwestern curb line of Fairmount Avenue to a line distant 695 feet southeasterly from the southeastern line of Piedmont Avenue, is hereby set apart for parking purposes, and the abutting property owners, at their own expense, are hereby permitted to plant and maintain said parking portion, subject to the condition that said permit is revocable at the pleasure of this Council."

It is further alleged that "pursuant to said petition and ordinance, the said City of Oakland did cause a bulkhead composed of concrete to be constructed from curb to curb upon said Rio Vista Avenue."

It is to be observed that the ordinance and the bulkhead have reference only to the property from curb to curb, and plaintiffs are claiming the area of the street from property line to property line. It is not alleged that the plaintiffs are the owners of any property abutting on Rio Vista Avenue.

[1] Respondents contend, in support of the orders sustaining the demurrers, that the legislature has prescribed a certain definite procedure for the closing of a city street and that a street can be closed and abandoned in no other way and that the allegations of the complaint indicate that that procedure has not been followed in the present case. The power to close up, in whole or in part, any street, etc., is given to the city council of any municipality by an act approved March 6, 1889 (Stats. 1889, p. 70). Appellant contends that the jurisdictional provisions of that act apply only to cases where assessments are required for improvements, etc. No such distinction is made in the act, but, on the contrary, section 6 thereof provides that *after* the city council has acquired jurisdiction in the manner provided for by the act, "the City Council shall order said work to be done, *and unless the proposed work is for closing up and it appears that no assessment is necessary* shall appoint three commissioners etc. . . . " It appears, therefore, that a distinction between

cases where assessments are necessary and those where assessments are not necessary is first made at a point in the procedure when the city council has acquired jurisdiction by the passage of a resolution of intention, the posting of such notice in the manner prescribed, the publication thereof, and such other matters as are prescribed by said act.

It appears, therefore, that the street could not be closed by the procedure alleged in the complaint. It is settled that the public streets of a municipality belong to the people of the state. (*Ex parte Daniels,* 183 Cal. 636, [21 A. L. R. 1172, 192 Pac. 442].) The legislature has power to vacate a street in a city and may delegate that power to the municipal authorities of a city, but its exercise by the municipal authorities is dependent upon the will and subject to the control of the legislature. (*Polack* v. *San Francisco Orphan Asylum,* 48 Cal. 490; *McNeil* v. *City of South Pasadena,* 166 Cal. 153, [48 L. R. A. (N. S.) 138, 135 Pac. 32].) The rule is general that where power is delegated to municipal bodies, and the mode for the exercise of that power is prescribed, the mode must be followed. As has been repeatedly held, the mode in such cases constitutes the measure of the power. (*Zottman* v. *San Francisco,* 20 Cal. 97, [81 Am. Dec. 96]; *Nicolson Pavement Co.* v. *Painter,* 35 Cal. 699; 3 McQuillin on Municipal Corporations, sec. 1412.) **[2]** It is true the plaintiffs alleged that the abandonment and closing of said portion of said Rio Vista Avenue was with the consent and approval of, and without objection by, the owners of the property abutting thereon. But failure of the city council to acquire jurisdiction in the manner prescribed by the statute cannot be cured by the consent of the abutting property owners. (*Dehail* v. *Morford,* 95 Cal. 457, 460, [30 Pac. 593].)

**[3]** Appellants argue that if the proceedings alleged in the complaint are insufficient to constitute an abandonment of the street, nevertheless the erection of a concrete bulkhead from curb to curb of Rio Vista Avenue, as alleged in the complaint, is a physical closing of the street and amounts to an actual abandonment by the city. In the first place, it is apparent that only a part of the street claimed by plaintiffs is closed by this bulkhead, for it is alleged

that it extends from curb to curb, while the plaintiffs are claiming the land from property line to property line. Furthermore, it is apparent from the action sought to be taken by the city council, as evidenced by the ordinance set out in the complaint, that the relinquishment of a portion of this street was not a permanent relinquishment, but was made upon the condition that it was to be revocable at will by the city.

[4] Reliance is placed upon the provisions of section 811 of the Civil Code. Subdivision 4 thereof would be inapplicable, in any event, because the ordinance is alleged to have been passed in June, 1917, and the bulkhead to have been erected in pursuance thereof. The action was commenced January 14, 1920, less than three years later. Under subdivision 4 of section 811 an easement acquired by enjoyment may be extinguished by disuser for a period of five years. (*Garbarino* v. *Noce,* 181 Cal. 125, 130, [6 A. L. R. 1433, 183 Pac. 532].) The only other portion of section 811 which could have any possible application is subdivision 3 thereof, providing for the extinguishment of an easement by the performance of acts by the owner of the servitude, or with his assent, which are incompatible with its nature or exercise. It is said in the case of *Lux* v. *Haggin,* 69 Cal. 255, 292, [4 Pac. 919, 10 Pac. 674], that this is a recognition and statutory declaration of the well-settled rule that if the owner of a dominant estate does an act thereon which *permanently* prevents his enjoying an easement, the same is extinguished.

[5] When the owner of an easement licenses another to do an act which affects the enjoyment of the easement, when the license is revoked, the right to the easement revives with full vigor. (Washburn on Easements and Servitudes, 4th ed., p. 726.) In the present case it is clear that the ordinance pleaded merely gives to the abutting property owners a license to park the street with the express warning to them that the same is revocable at will. The bulkhead was erected in connection with the license granted and may be removed whenever the license granted to the abutting owners is revoked.

Upon the face of the complaint, then, it appears that the erection of the bulkhead was not a permanent matter. Furthermore, even the temporary relinquishment of the en-

joyment of the easement, in favor of the licensee, was not coextensive with the easement, for it appears that a substantial portion of the street which was occupied by the sidewalks is yet open to traffic by the public.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.