[Civ. No. 23433. Second Dist., Div. Three. Dec. 23, 1958.]

THE FIRESTONE TIRE AND RUBBER COMPANY (a Corporation), Respondent, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Appellants.

[Civ No. 23365. Second Dist., Div. Three. Dec. 23, 1958.]

THE FIRESTONE TIRE AND RUBBER COMPANY (a Corporation), Petitioner, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Respondents.

Harold W. Kennedy, County Counsel, and David D. Mix, Deputy County Counsel, for Appellants in Civ. No. 23433 and Respondents in Civ. No. 23365.

Trippet, Yoakum, Stearns & Balantyne, Oscar A. Trippet and Thomas H. Carver for Respondent in Civ. No. 23433 and Petitioner in Civ. No. 23365.

O'Melveny & Myers and Ray H. Lindman as Amici Curiae on behalf of Petitioner and Respondent Firestone Tire & Rubber Company.

NOURSE, J. pro tem.*—The first matter named in the caption involves an appeal by Consolidated Fire Protection District, hereinafter called "District," the Board of Supervisors of the County of Los Angeles and one Keith Klinger who is the chief engineer of the District, from a judgment annulling a resolution of the board of supervisors annexing certain territory to the District in a proceeding known as Annexation 47-57.

The second matter named in the caption involves a petition by Firestone Tire and Rubber Company, a corporation, hereinafter called Firestone, for a writ of prohibition directed to the board to enjoin it from taking further action under a proceeding known as Annexation Number 34-58, by which proceeding it is sought to annex to the District the same territory which was included in Annexation Number 47-57, which proceeding was annulled by the judgment appealed from.

We have permitted these two matters to be submitted for decision upon a combined record and briefs and we will dispose of both by this opinion treating them separately.

### THE DISTRICT'S APPEAL

■ We have before us, in addition to the appeal, the motion of Firestone to dismiss the appeal. The motion is made upon two grounds. The first ground is that by the commencement of proceeding 34-58 the appellants have accepted the benefits of the judgment appealed from and thereby affirmed the validity of that judgment and waived their right to appeal therefrom. This contention is devoid of merit. Undoubtedly if appellants are correct in their contention that the judgment

---

*Assigned by Chairman of Judicial Council.

appealed from is erroneous and as a matter of law the original proceedings were valid, the board did not have the power to act under the later proceedings for it could not order annexed territory which was already a part of the District. If, however, the board's contentions on the appeal are not well founded and the judgment of the trial court is correct, then the original proceedings were no bar to the second. (*City of San Pablo* v. *City of Richmond*, 148 Cal.App.2d 358 at 361-362 [306 P.2d 949].)

The appellants by initiating the second proceedings did not concede the invalidity of the first proceeding and were entitled as a precautionary measure to commence a second proceeding which would be effective only in the event that the judgment of the lower court was affirmed. If appellants had proceeded to complete their annexation under the second proceeding then it might be doubtful that they would be in a position to attack the first judgment for it would only be upon the basis of the invalidity of the order annulled by the judgment that they could again act to annex the same territory.

The second ground of the motion is that by instituting the second proceeding, the appellants have violated an order made by the lower court staying proceedings and therefore are in contempt of that court and not entitled to seek aid from this court by their appeal. This contention is also without merit. The stay order made by the superior court in connection with a writ of review issued by it only stayed action by the respondents in that court (appellants here) upon the proceedings to be reviewed by that court. It did not purport to enjoin the board of supervisors or the District from instituting new and separate annexation proceedings. The motion to dismiss is denied.

Firestone has also moved for an affirmance of the judgment upon the grounds that a mere inspection of the record indicates the correctness of the trial court's judgment. This motion goes to the merits of the appeal and is disposed of by our decision.

### The Facts

The facts relevant to the disposition of the appeal are: The District is a duly organized fire protection district. The Board of Supervisors of Los Angeles County is the governing board of that district. On July 9, 1957, at a regular meeting of the

board, it determined that certain territory should be annexed to the District and ordered a hearing had in the matter of the proposed annexation on Thursday, August 8, 1957. It directed the clerk of the board to publish a notice once a week for two successive weeks in the Florence Messenger, which the board found to be a newspaper circulated in the territory proposed to be annexed and the newspaper which the board determined most likely to give notice to the inhabitants of said territory. A notice was published as directed in the designated newspaper. This notice did not name any person, and the boundaries of the territory to be annexed were described as follows: "Beginning at the most westerly northwesterly corner of Tract No. 3233, as shown on map recorded in Book 36, Page 70 of Maps, in the office of the Recorder of the County of Los Angeles; thence northerly along the boundary of Consolidated County Fire Protection District, as same existed on May 29, 1957, and following the same in all its various courses and curves to the boundary of the City of South Gate, as same existed on said date; thence northerly in a direct line to the point of beginning. Containing: 0.079 square miles."

Firestone is the owner and occupant of all but a small portion of the real property within the territory sought to be annexed and maintains a large manufacturing plant thereon. The fact of its ownership and occupancy were known to the board and to the officers of the District. On August 8, this annexation proceeding together with 12 other proposed annexations were taken up by the board for action. No one appeared at the meeting to protest any of the annexations. The board thereupon took the evidence of one Hughes, a fire rating inspector for the county, his evidence being as follows: "Q. Are you familiar with the territory sought to be annexed to the various Fire Protection Districts? A. I am. Q. In each instance, in your opinion, would the territory [proposed to be annexed] be benefited by the annexation if consummated? A. It would." The board thereupon adopted the resolution for the annexation of the territory in question and the board thereafter, pursuant to section 14480 Health and Safety Code, levied an ad valorem tax upon the property of Firestone.

Firestone had no knowledge of the proposed annexation and did not acquire any knowledge of the proceeding until after the resolution of annexation had been passed and the tax assessed. It then filed a petition with the board requesting

the withdrawal of the territory included within the annexation from the District upon two grounds: First, that the annexation proceedings were invalid, and, second, that Firestone would receive no benefit from the annexation. Proceedings upon this petition were had before the board at a number of meetings thereof and at the fourth meeting at which the matter was considered, held on April 17, 1958, the hearing upon the request of counsel for Firestone was continued for a period of 90 days in order that Firestone might commence an action to test the validity of the initial annexation.

On April 7, 1958, the Legislature passed an act validating all annexation proceedings theretofore completed other than those as to which any legal proceeding was at the effective date of the act pending and undetermined or which might be pending or undetermined during a period of 30 days from and after the date of the act. This act was effective as of April 7, 1958. (See Stats. 1958, First Extraordinary Session, ch. 10.)

On May 14, 1958, Firestone filed its petition for writ of certiorari and writ of mandate in the present action.

At the trial of the action the evidence received showed without substantial conflict that the Florence Messenger in which the notice of annexation was published, was a publication which had no subscribers but was distributed by being delivered gratis to habitations and places of business within a defined area outside of the territory sought to be annexed and that it was not circulated or distributed within that territory. The evidence further showed that the boundaries of the Consolidated County Fire Protection District referred to in the published notice of the territory to be annexed, were not a matter of public record and that the only means that a property owner would have of determining whether the boundaries of the territory to be annexed as given in the published notice encompassed his property would be to, with the aid of the county engineer, search the minutes of the board of supervisors so as to ascertain the boundaries of the District as those were contained in numerous proceedings for annexations to the original District or for the consolidation of that district with other districts.

The trial court found that the Florence Messenger was not, at the time of the publication of the notice of annexation, circulated or distributed in the territory proposed to be annexed; that it was not the newspaper most likely to give notice to the inhabitants of the territory proposed to be annexed (the evi-

dence showed that five newspapers of general circulation were distributed in the area) ; that Firestone had no notice whatsoever of the proposed hearing on the annexation or of the proposed annexation and that the notice as published failed to designate the property proposed to be annexed. It concluded that the board acted without and in excess of its jurisdiction and that the resolution authorizing the annexation of the territory in question was void. It rendered judgment accordingly.

The findings of fact made are, as we have indicated, fully supported by the evidence.

■ The power of the board to act upon the annexation proceedings was dependent upon substantial compliance with the provisions of the statute as to notice and hearing. The statute was the measure of its power. (*Williams* v. *Bergin,* 108 Cal. 166 at 170 [41 P. 287] ; *Keller* v. *City of Oakland,* 54 Cal.App. 169, 172 [201 P. 618].) ■ The notice here was vitally defective as a statutory notice. It was defective as a notice complying with the statute because not published in a newspaper distributed within the territory to be annexed. It was defective as a statutory notice because the description was not one which would put a person reading it upon notice that his property was within the boundaries as described. It is evident from the mere reading of the description that no one reading the notice would have any cause to believe that his property fell within the exterior boundaries described nor could he by reference to monuments or records, reference to which is ordinarily made in the description of real property, have applied the description so as to determine whether his property was affected but could only ascertain this by an independent search of records that were only available through the assistance of a public officer. Such description, in our opinion, does not meet the requirement of section 14513 of the Health and Safety Code that the notice "shall designate the territory proposed to be annexed."

The judgment of the trial court must therefore be affirmed unless the Validating Act of 1958 (Stats. 1958, First Extraordinary Session, ch. 10) validated the annexation.

■ The validating act could not and does not purport to validate any ordinance or resolution which is void because of lack of due process, but only ordinances or resolutions which are invalid because of defects or omissions in carrying out statutory provisions which the Legislature could have omitted from the law under which such ordinance or resolu-

tion was adopted or the proceeding had. (See Validating Act of 1958, First Extraordinary Session, ch. 10 § 6(a) and (b); *Miller* v. *McKenna*, 23 Cal.2d 774 at 782 [147 P.2d 531].)

■ If the owner of property within the proposed annexation had a constitutional right to notice and an opportunity to be heard, the notice herein given did not satisfy the constitutional requirements of due process. Here notice published did not contain the names of the owners of the property within the District or the names of the persons to whom that property was assessed. The names of these persons were known and the places at which notice would reach them by mail was known. The property to be affected by the annexation was not described and the exterior boundaries of the proposed annexation were not such as to put an owner of property within the territory upon inquiry as to whether his property was within the territory to be annexed. The newspaper chosen was not one of general circulation but one which had no regular subscribers and was not a publication designed to bring notice of the proceedings to those affected thereby. The notice given here was not one of a character designed to bring home to the persons affected knowledge of the proceedings or to put them upon inquiry but was apparently designed as a mere token compliance with the statute without regard as to whether it was in fact reasonably certain to inform those affected. Such notice does not comport with due process within the rationale of the recent decisions of the Supreme Court of the United States. (See *Mullane* v. *Central Hanover B. & T. Co.*, 339 U.S. 306 [70 S.Ct. 652, 94 L.Ed. 865 at 874-876]; *Walker* v. *Hutchinson*, 352 U.S. 112 [77 S.Ct. 200, 1 L.Ed.2d 178 at 181-182]; *Wisconsin Electric Power Co.* v. *City of Milwaukee*, 352 U.S. 948 [77 S.Ct. 324, 1 L.Ed.2d 241].)[1] ■ The rationale of these decisions, as we understand it, is that in order to comport with due process a notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected

---

[1]Appellant has directed our attention to certain earlier decisions of the Supreme Court of the United States holding that notice by publication is sufficient to constitute due process, towit: *Wight* v. *Davidson*, 181 U.S. 371 [21 S.Ct. 616, 45 L.Ed. 900]; *Paulsen* v. *City of Portland*, 149 U.S. 30 [13 S.Ct. 750, 37 L.Ed. 637]; *Lent* v. *Tillson*, 140 U.S. 316 [11 S.Ct. 825, 35 L.Ed. 419]; *Fallbrook Irr. Dist.* v. *Bradley*, 164 U.S. 112 [17 S.Ct. 56, 41 L.Ed. 369], and contends that as those cases are not referred to in the cases we have cited, it was not the intent of the Supreme Court to overrule them. We are of the opinion, however, that

interests and that a newspaper publication alone is not adequate where the person affected is known and it is feasible to give him notice by personal service or by mail or if his address be unknown, by posting his property. It is common knowledge[2] that a land owner is rarely informed of proceedings against his property by mere newspaper publication and to assert that the notice as published here was reasonably calculated to inform Firestone of the proceedings is the purest sophistry.

Appellant urges upon us the impracticability in many proceedings of giving notice in any other manner than by publication. It may be that in certain proceedings notice by mail to or by personal service on all affected persons might be impractical or even impossible. We are not concerned with such a situation here and if one should arise then the character of the notice given and the likelihood of its being reasonably certain to inform those affected under the conditions which then exist may be examined to determine whether in that case they constituted due process. (See *Mullane* v. *Central Hanover B. & T. Co.*, 339 U.S. 306 [70 S.Ct. 652, 94 L.Ed. at 874].) That the Legislature does not consider it impractical to give written notice by mail to the owners of property within territory to be annexed whose names appear upon the assessment roll in addition to giving notice by publication is well illustrated by the provisions of section 35311 of the Government Code which require service by mail of such written notice in case of annexation to a city of uninhabited territory.

█ The question of due process only presents itself, however, if the proceeding is one through which a person affected may thereby be deprived of property or a property right. Whether the annexation in question here is one through which Firestone is deprived of its property depends upon the nature of fire protection districts. If they are but public corporations formed as an agency of the state with limited powers to per-

---

the Supreme Court has by its later decisions, further defined those matters *which do not constitute due process.* We think this is emphasized by the fact that the cases of *Wight* v. *Davidson, supra,* and *Walker* v. *Hutchinson, supra,* both involved condemnation proceedings in which the notice was given by publication and that while in the *Wight* case the Court upheld publication as due process, in the *Hutchinson* case it emphatically announced the contrary. It may be further noted that in his dissent in the *Hutchinson* case, Justice Burton directed attention to earlier decisions of the court in which it had been held that notice by publication comported with due process.

[2]*Walker* v. *Hutchinson,* 1 L.Ed.2d at 182.

form a function of the state, i.e., are public corporations in the nature of municipalities, then the annexation of territory does not deprive the owners of the property annexed of that property or of any interest therein or charge them with the payment of any assessment for the benefit of other persons within the territory annexed, and they are not, as a matter of constitutional right, entitled to notice or hearing. If, on the other hand, the District is in the nature of a special assessment district created for the primary purpose of assessing upon private lands the benefits to be derived from a public improvement for the construction of which the district is formed, persons whose lands are within the proposed district are deprived of their property without due process of law unless they have proper notice and an opportunity to be heard upon the question of whether their property will benefit and if so the extent of those benefits. (*In re Orosi Public Utility Dist.*, 196 Cal. 43 [235 P. 1004] ; *People* v. *Town of Ontario*, 148 Cal. 625 [84 P. 205] ; *Fallbrook Irr. Dist.* v. *Bradley*, 164 U.S. 112 [17 S.Ct. 56, 41 L.Ed. 369].)

█ No citation of authority is needed for the proposition that the furnishing of fire protection is a function of the government of the state to be performed by it in unincorporated territory and that it may by general law provide for the formation of municipal corporations with limited powers to perform that function. █ Appellant District is such a municipal corporation. Its powers are limited to the furnishing of fire protection to and the elimination of fire hazards in the territory within its boundaries. (Health & Saf. Code, § 14440.) It may acquire the property necessary for the exercise of its limited power but title to that property vests in the county. (§ 14500.) It may, with the consent of the electors residing within its boundaries, issue bonds payable solely out of revenues derived from taxation of the property within the district and must each year levy an ad valorem tax upon all taxable property, real and personal, within the district sufficient to defray the cost of operation and maintenance and to pay the principal and interest upon any bonds that may be issued. It has no power, however, to erect any public improvement and to make an assessment therefor, based upon the benefits conferred thereby, against any property in the district. The annexation of property to a fire protection district does not therefore deprive the owners of the property within the annexed territory of any property or impose upon them lia-

bility for any public improvement but only renders their property subject to a general ad valorem tax which is levied on all property in accordance with its value and irrespective of the benefits conferred. This tax is of no different effect from that of any tax levied by a city for general municipal purposes. (*In re Orosi Public Utility Dist.*, 196 Cal. 43 [235 P. 1004.)

The Legislature, therefore, without violating any constitutional provisions, might have omitted from the act any provision for notice or hearing and empowered the board to initiate and complete the annexation without notice. (*In re Orosi Public Utility Dist.*, 196 Cal. 43 [235 P. 1004] ; *People* v. *Town of Ontario*, 148 Cal. 625 [84 P. 205].)

Our attention has been directed to *Norman* v. *Cogswell*, 82 Cal.App. 159 [255 P. 251], in which the court stated that a fire protection district compares "logically with an assessment district for a certain definite and particular improvement." We believe that the language used by the court there was not necessary to its decision and the Supreme Court, without mention of *Norman* v. *Cogswell*, in *Johnson* v. *Fontana County F.P. Dist.*, 15 Cal.2d 380 [101 P.2d 1092], arrived at the opposite conclusion, stating: "There is not much similarity between such a district [a fire protection district] and an assessment district which carries on no continuous function and exists solely for the purpose of paying for a public improvement. In a very real sense the district is not only performing functions but performing a well-recognized governmental function in furnishing protection against fire."

It follows that as the Legislature could have originally provided for an annexation without notice or hearing the Validating Act of 1958 established the annexed territory as a part of the fire protection and cured any defects as to notice or hearing in the proceedings.

 Firestone asserts that the petition filed by it with the board after the completion of the annexation proceedings and after the assessor had levied an assessment for district taxes upon the subject property constituted legal proceedings contesting the legality of the annexation proceedings and that therefore by section 6(c) of the 1958 Validating Act the annexation proceedings in question were not included within the validating provisions of the act. With this contention we cannot agree. While the board acted in a quasi-judicial capacity in conducting the hearing had on August 8th when it concluded that hearing and adopted its resolution for the

annexation of the property, it exhausted its judicial powers. (*Williams* v. *Bergin*, 108 Cal. 166 at 170 [41 P. 287] ; see also *Olive Proration etc. Committee* v. *Agricultural etc. Com.*, 17 Cal.2d 204 at 209 [109 P.2d 918] ; *Heap* v. *City of Los Angeles*, 6 Cal.2d 405 at 407 [57 P.2d 1323] ; *Vernon* v. *Board of Supervisors*, 142 Cal. 513 at 516 [76 P. 253].) The only judicial power conferred upon the board which it might exercise after the completion of the annexation was the power to act upon a petition to withdraw property from the district and if it found as a fact that the territory sought to be withdrawn would not benefit by remaining in the district to grant the petition and exclude the subject territory from the district but if it failed to so find to deny the petition. (Health & Saf. Code, §§ 14560-14567.) Such a proceeding is clearly not one contesting or inquiring into the legality of the original proceedings but is one dependent upon the legality of those proceedings, for otherwise the board would have no power to act to grant a withdrawal. Firestone by its petition to the board sought a withdrawal of its property upon the grounds that its property would not benefit by remaining as a part of the district. It thus invoked a power of the board which the board could only have if its original proceedings were valid, and the fact that Firestone also sought to have the board declare its original proceedings void does not turn the matter into a legal proceeding attacking and contesting the validity of the annexation for the board had no power to make such an adjudication but was limited to a determination of the question as to whether Firestone's property would benefit by remaining a part of the district. It undoubtedly was the intent of the Legislature under paragraph (c) of section 6 of the Validating Act of 1958 to only exclude annexation proceedings which were being contested or inquired into in a proceeding before a court having the power to render a final judgment decreeing the invalidity of the proceedings. (*Cf. Griem* v. *Fidelity & Casualty Co.*, 99 Wis. 530 [75 N.W. 67].)

The trial court was therefore in error in decreeing that the annexation proceedings in question were invalid. The judgment is reversed with directions to the trial court to enter a judgment decreeing that the annexation proceedings known as Annexation 47-57 are valid, and that the lands of Firestone as those lands are described in its complaint on file in this matter are within the boundaries of the Consolidated Fire Protection District.

THE WRIT OF PROHIBITION, CIVIL No. 23365

Inasmuch as we have held that Annexation proceedings 47-57 are valid and as by that proceeding Firestone's lands became part of the Consolidated Fire Protection District the respondent board of supervisors has no power to act upon any further proceedings for the annexation of the same lands and if it should attempt to do so it would be acting in excess of its jurisdiction. The writ prayed for must therefore issue.

Let a peremptory writ of prohibition issue.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied January 19, 1959, and the petition of petitioner and respondent Firestone Tire & Rubber Company for a hearing by the Supreme Court was denied February 18, 1959. Schauer, J., was of the opinion that the petition should be granted.