[Civ. No. 26546.  Second Dist., Div. Two.  Mar. 1, 1963.]

RICHARD ELMER FIX et al., Plaintiffs and Appellants, v. THE BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Defendants and Respondents.

Phill Silver for Plaintiffs and Appellants.

Harold W. Kennedy, County Counsel, and David D. Mix, Assistant County Counsel, for Defendants and Respondents.

HERNDON, J.—Petitioners appeal from an order quashing the writ of certiorari whereby they sought to review the action of respondent Board of Supervisors of the County of Los Angeles in the formation of the Los Angeles County Waterworks District No. 33.

The petition for the formation of said district was filed with

the board of supervisors on February 15, 1961, in eight parts. Each part had attached to it an affidavit of circulation. On the same date, the county engineer certified to the sufficiency of the petition.

On March 23 and May 4, 1961, upon due notice, hearings were held on the petition. On July 18, 1961, an election was held and the proposition was adopted by a vote of 222 to 72. On August 1, 1961, the election results were declared by the board of supervisors and the district was established. On September 15, 1961, there became effective a validating act, (Stats. 1961, ch. 985) which by its terms validated the formation of the district. (Section 2.) It further provided (section 6) for a 30-day period during which any action in review might be brought. On December 19, 1961, the instant petition for the writ of certiorari was filed in the court below. This was ten months after the petition for the formation of the district had been filed, five months after the election was held, and three months after the validating act had become effective.

Appellants' sole contention in support of their asserted right to the writ is that the petition which commenced the proceedings to form the district was insufficient. In substance, it is alleged that some of the signers were unqualified, that some were misled, and that some of the signatures were forged. Appellants do not challenge any of the other proceedings of respondent board, either in connection with the public hearings held prior to determining the sufficiency of the petition, or in connection with the election subsequently held.

The trial court granted respondents' motion to quash upon the basis of its determination that the alleged defects in the petition, assuming them to be true and otherwise relevant, were cured by the 1961 validating act (Stats. 1961, ch. 985, effective September 15, 1961). This act provides in pertinent part that "[a]ll public bodies heretofore organized or existing under, or under color of, any law are hereby declared to have been legally organized and to be legally functioning. . . ." (Section 2.)

Appellants assign this determination as error arguing that curative acts cannot be relied upon to cure "jurisdictional" requirements. No useful purpose would be served by our engaging in a "textbook" discussion of the philosophy and scope of curative acts in general, or in seeking to specify which of the various procedural steps involved in the formation of the

myriad of "public bodies" existent in our increasingly complex society are so fundamental that a faulty compliance may not be cured or validated without violating the requirements of due process of law.

It is a sufficient answer here to note that "[t]he fact that the proceeding was fatally defective is not alone an insurmountable obstacle to the exercise of the curative power; for . . . if it was not fatally defective it would stand in no need of the healing power." (*Miller* v. *McKenna,* 23 Cal.2d 774, 781 [147 P.2d 531].) Further, "A curative statute or clause may preclude all investigation except 'the single inquiry whether, in the case presented, the effect of applying the statute is to deprive the party of his property without due process of law.'" (*Chase* v. *Trout,* 146 Cal. 350, 359 [80 P. 81]; see also *Firestone Tire & Rubber Co.* v. *Board of Supervisors,* 166 Cal.App.2d 519, 526, et seq. [333 P.2d 378].)

Section 55102 of the Water Code provides: "A petition for the formation of a district *may* be presented to the board of supervisors." Section 55107 provides: "The failure of the petition to contain any of the matters required to be contained therein *shall not affect the legality* of the organization of the district if it is thereafter organized." (Italics added.)

It is clear from the provisions of the controlling statutes above quoted, and from the decisions above cited, that appellants' efforts to challenge the legality of the organization of the district here involved are both untimely and futile. Appellants' entire argument consists of the same fallacious reasoning that our Supreme Court analyzed and rejected in 1905 in *Chase* v. *Trout, supra;* no useful purpose would be served by its repetition here.

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.