Filed 6/1/26  Conjunction Junction v. Leon CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CONJUNCTION JUNCTION LLC, | B340128 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23TRCV03160) |
| v. | |
| GORDON LEON et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald F. Frank, Judge.  Affirmed.

Law Office of Richard Jacobs and Richard B. Jacobs for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo, Stephen J. Tully and Brian W. Ludeke for Defendants and Respondents.

_____

In 1981, the City of Rancho Palos Verdes (City) formed the Abalone Cove Landslide Abatement District (ACLAD). Decades later, appellant Conjunction Junction LLC challenged ACLAD's existence. The trial court sustained demurrers to appellant's second amended complaint (SAC) without leave to amend. On de novo review, we conclude that appellant's claims are barred by the statute of limitations and by its failure to comply with the Government Claims Act. Any lapses in the formation of ACLAD were cured by the First Validating Act of 1992. We affirm.

**FACTS**

City formed ACLAD in 1981 as a Geologic Hazard Abatement District (GHAD) under Division 17 of the Public Resources Code. ACLAD assesses landowners to fund landslide abatement work. Appellant is a local landowner. Respondents are ACLAD's board members Gordon Leon, Michael Barth, Jim Knight, and Colleen Miller.

While searching public records for ACLAD's formation documents, appellant learned that in 1981 City apparently failed to send the State Controller a resolution declaring it is subject to the Public Resources Code; however, the Controller produced a 1990 resolution from City to that effect. In 2023, appellant sued for relief based on ACLAD's alleged nonexistence; it seeks to impose a constructive trust on assessments ACLAD has collected for over 40 years.

Respondents demurred and requested judicial notice of (1) City's Resolution No. 81-4 creating ACLAD under the Public Resources Code, dated January 6, 1981; (2) ACLAD's Resolution No. 81-7, stating its intent to abate a landslide pursuant to a plan of control, dated March 30, 1981; (3) ACLAD's Resolution No. 81-12 to impose assessments, dated June 9, 1981; (4) ACLAD meeting minutes of March 30, 1981; and (5) a state website

recognizing ACLAD as the state's first GHAD. Respondents submitted certified copies of the resolutions.

Appellant filed an amended complaint. On demurrer, the court overruled appellant's objections to the legislative resolutions. It gave "a warning shot across the bow" that appellant "cannot validly, properly, lawfully over the bar of the statute of limitations assert a claim that challenges the validity of the formation of ACLAD. You had to do that 40 years ago. That didn't happen; the statute of limitations is a bar to that." The court gave appellant leave to amend to assert "causes of action that are not predicated on the validity of the formation of ACLAD."

Despite the trial court's warning, the SAC alleged that City never properly formed ACLAD, making it a legal nullity and voiding its actions. Apart from challenging ACLAD's existence, the SAC added causes of action for violations of (a) election laws; (b) Brown Act requirements for public meetings; (c) prevailing wage laws; (d) state ballot propositions; (e) fiduciary duty; and (f) the Public Records Act. Respondents demurred.

### The Trial Court's Ruling

The court ruled that appellant's challenge to the formation of ACLAD is untimely. Moreover, appellant did not comply with the Government Claims Act. Though appellant claimed it could not serve ACLAD, personal service is unnecessary for a government claim. The court sustained demurrers for failure to exhaust administrative remedies.

The court sustained demurrers to all causes of action on the basis of statutory immunity. Appellant conceded the immunity issue by failing to address it. Likewise, appellant did not address the timeliness of its cause of action for election law violations,

3

conceding the point.  Appellant had to bring an election law claim within the 60-day period specified by law and failed to do so.

A claim for Brown Act violations requires a timely demand on the legislative body to cure or correct its action.  The SAC does not allege that appellant made a demand.  Appellant is not an ACLAD employee and lacks standing to claim ACLAD failed to pay minimum wage.  Finally, the SAC does not properly allege that ACLAD withheld records from appellant.  After considering appellant's ability to correct deficiencies in the SAC, the court sustained demurrers without leave to amend.

## DISCUSSION

### 1. Appeal and Review

Appellant appealed the order sustaining demurrers without leave to amend.  "It is settled that an order sustaining a demurrer is not appealable." (*Evans v. Dabney* (1951) 37 Cal.2d 758, 759.)  At our request, appellant submitted a judgment of dismissal signed by the court.  We treat the premature notice of appeal as having been taken from the judgment.  (*Turpin v. Sortini* (1982) 31 Cal.3d 220, 224, fn. 2; *Nguyen v. Ford* (2020) 49 Cal.App.5th 1, 10, fn. 4.)

"A demurrer tests the sufficiency of a complaint as a matter of law.  [Citation.]  The allegations of fact contained in the complaint must normally be accepted as true.  [Citations.]  However, a reviewing court may also consider judicially noticeable facts which the trial court did notice or properly could have noticed, such as government resolutions and other official acts." (*City of Chula Vista v. County of San Diego* (1994) 23 Cal.App.4th 1713, 1718–1719.)  The resolutions may supersede inconsistent allegations in the pleading.  (*Id.* at p. 1719.)

4

## 2. Appellant's Challenge to ACLAD's Formation

Demurrers were properly sustained to claims arising from City's formation of ACLAD. The claims are untimely. Further, the Legislature has declared that existing GHAD's such as ACLAD were legally organized and function as a public body.

State law authorizes the formation of GHAD's for the "[p]revention, mitigation, abatement, or control of a geologic hazard," which includes landslides and land subsidence. (Pub. Resources Code, §§ 26525, subd. (a), 26507.) It is common knowledge that City has ongoing landslides. This prompted City to sponsor state legislation creating GHAD's. (*Las Tunas Beach Geologic Hazard Abatement Dist. v. Superior Court* (1995) 38 Cal.App.4th 1002, 1010, fn. 3 (*Las Tunas*).) "A GHAD is purely a creature of statute, unknown at common law." (*Id.* at p. 1012.)

Under the statutory scheme, GHAD's are formed either by petition signed by local landowners or resolution of a legislative body. (Pub. Resources Code, § 26550.5.) When (as here) a GHAD is formed by resolution, the legislative body must declare it is subject to the Public Resources Code and send it to the State Controller. (*Id.,* § 26550.) A resolution must state that the legislative body has reviewed a plan of control from an engineering geologist describing the hazard and a plan for its prevention, mitigation, abatement, or control. (*Id.*, §§ 26509, 26558.) There is no requirement that a plan of control be attached to the resolution or sent to the state government.

The trial court took judicial notice of local legislation. (Evid. Code, § 452.) One resolution shows City formed ACLAD in 1981 pursuant to the Public Resources Code and appointed a board of directors. Soon after, ACLAD's board cited a plan of control at a public meeting. Appellant does not challenge—or

5

even acknowledge—the resolutions.  In this case, judicially noticeable facts contradict the allegations in the SAC.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20.)

The SAC alleges that City and ACLAD admitted, in 2023, that they had no plan of control, or failed to submit it to the state.  City did not give the State Controller a resolution invoking the Public Resources Code until 1990.  Appellant quotes the speculative musings in 2023 of ACLAD board members—who had nothing to do with the formation of ACLAD—that " '[m]aybe' " ACLAD lacked " 'the breath of life.' "

Appellant's reliance on statements made in 2023 is misplaced.  Even if City failed to fully comply with procedures for forming a GHAD, those failures are irrelevant.  Any challenge to formation of a GHAD had to be made within six months after City created ACLAD in 1981.[1]  (*Las Tunas, supra,* 38 Cal.App.4th at pp. 1014–1015 & fn. 9 [challenges to the formation of a GHAD must begin within six months, under Code of Civil Procedure section 349.1 and a 1992 Validating Act].)  Absent a timely challenge, all acts to form ACLAD "shall be held valid and in every respect legal and incontestable." (Code Civ. Proc., § 349.1.) Consequently, there is no merit to appellant's theory that ACLAD is "void."

---

[1] "The validity of any acts or proceedings taken under color of law for the formation . . . [of] any . . . special district . . . shall not be contested in any action unless such action shall have been brought *within six months from the date of completion of said acts or proceedings.*  Unless an action is commenced within said period all said acts or proceedings shall be held valid and in every respect legal and incontestable."  (Code Civ. Proc., § 349.1, italics added.)

6

Appellant asserts that ACLAD's "concealment" of its improper formation tolled the six-month statute of limitations for 42 years, reasoning that its claims accrued when it discovered or had inquiry notice of deficiencies in ACLAD's formation. Fraudulent concealment and the discovery rule do not apply. In *Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, our Supreme Court interpreted a 30-day statute of limitations applicable to the acts of a public entity. (*Id.* at pp. 532–534.) The court rejected a fraudulent concealment theory: "For us judicially to read the doctrine of fraudulent concealment into [the statute's] 30-day statute of limitations would upset the legislative balance." (*Id.* at p. 534.)

City's 1981 resolution creating ACLAD was made at a public meeting. ACLAD's meetings and minutes were open to the public. Everything related to ACLAD is a public record. The formation of a public entity was not concealed from the public. Any procedural deficiencies, such as failure to notify the State Controller, could readily have been discovered in 1981.

Finally, the Legislature has retroactively confirmed the legitimacy of existing GHAD's. The First Validating Act of 1992 (Act) states: "All public bodies heretofore organized or existing under, or under color of, any law are hereby declared to have been legally organized and to be legally functioning as such public body. Every such public body shall have all the rights, powers, and privileges . . . of such a public body regularly formed pursuant to law." (Stats. 1992, ch. 62, § 3.) GHAD's are public bodies. (*Id.*, § 2(a).)

Appellant denies that the Act applies, terming ACLAD's formation "void" because City did not follow proper procedures. This court rejected a similar claim under an identical validating

7

act in *Fix v. Board v. Supervisors* (1963) 213 Cal.App.2d 524 (*Fix*). In *Fix,* appellants argued that a waterworks district was improperly formed. This court applied a validating act (Stats. 1961, ch. 985) that "by its terms validated the formation of the district." (*Fix*, at p. 525.)

The appellants in *Fix* claimed validating acts cannot cure " 'jurisdictional' " defects. This court declined to discuss "which of the various procedural steps involved . . . are so fundamental that a faulty compliance may not be cured or validated without violating the requirements of due process of law." (*Fix, supra,* 213 Cal.App.2d at pp. 525–526.) Even " 'fatally defective' " procedural lapses are subject to a curative statute, precluding all challenges " 'except "the single inquiry whether . . . the effect of applying the statute is to deprive the party of his property without due process of law." ' " (*Id.* at p. 526; *Chase v. Trout* (1905) 146 Cal. 350, 359; *People ex rel. Desert Hot Springs County Water Dist. v. Coachella Valley County Water Dist.* (1965) 232 Cal.App.2d 685, 696–697.) Appellant did not allege or argue that it was deprived of due process of law when City failed to send its resolution forming ACLAD to the State Controller in 1981.

Under the Act, an existing GHAD like ACLAD was legally formed and functioning since 1981. The Act has its own statute of limitations: An action contesting the validity of a public entity's formation "shall be commenced within six months of the effective date of this act." (Stats. 1992, ch. 62, § 8.) The six-month contest period ended decades ago. The Act forecloses appellant's effort to invalidate ACLAD's existence.

## 3. Failure to Comply with the Government Claims Act

The only other issue raised in appellant's brief is compliance with the Government Claims Act. The SAC alleges

8

that no claim was required because ACLAD was never formed as a government entity. We rejected appellant's improper formation argument in part 2, *ante.*

Appellant argues it was "impossible to serve" ACLAD with a government claim, thereby excusing the need to make one. ACLAD's address is a post office box in Palos Verdes. Relying on Code of Civil Procedure section 415.20, appellant claims service at a post office box "is legally ineffective." The statute lists requirements for service of a summons and complaint.[2] It does not apply to government claims.

The manner of presenting a government claim is set forth in the Government Code. A claim may be (1) delivered to a public entity; (2) deposited in the mail; or (3) submitted electronically, if allowed by ordinance or resolution. (Gov. Code, §§ 915, subd. (a), 915.2.) Mailing a claim to a post office box is not prohibited. Appellant's failure to comply with the Government Claims Act bars its action.[3]

---

[2] Summons and complaint may be served at a person's office, home, or usual mailing address, other than a United States Postal Service post office box. (Code Civ. Proc., § 415.20.)

[3] Appellant does not address the trial court's other grounds for sustaining demurrers without leave to amend, including immunity. Points not argued on appeal are forfeited. (*Browne v. County of Tehama* (2013) 213 Cal.App.4th 704, 725–726.)

## DISPOSITION

The judgment of dismissal is affirmed.  Respondents are entitled to recover their costs on appeal from appellant.

NOT TO BE PUBLISHED.


CHAVEZ, Acting P. J.

We concur:


RICHARDSON, J.


GOORVITCH, J.